Read, Judge.
The record presents but the single question, whether upon suit brought upon a renewed note, into which illegal interest has been incorporated, it is competent to look behind the note to ascertain the fact, and strike the illegal interest out. The court below held that the renewed note must be treated as payment, and conclusive between the parties.
The act fixing the rate of interest provides that all creditors shall be entitled to receive interest on all money, after the same shall become due, either on bond, bill, note, etc., at the rate of six per centum, per annum, and no more. Swan’s Stat. 465.
This is an act in restraint of avarice, and should be liberally construed. It is designed to prevent sharp and unconscionable men from taking advantage of misery or misfortune, to raise money out of straitened circumstances, sudden calamity or necessity. In all civilized communities it has been found necessary to enact laws to prevent extortion on the loan of money. In most countries, it works a forfeiture of the whole debt tainted with usury. In- our state, the law is more mild — not affecting the debt, but simply forbidding a recovery of the illegal interest. No forfeiture being worked by our statute, furnishes an additional reason why it should be liberally construed to effect the object intended.
*It would be an entire violation of all these principles, as well as the direct letter of the law, to permit the statute to be evaded by simply incorporating the illegal interest into the body of the renewed note, or written evidence of debt, and then determine that the consideration could not be inquired into for the purpose of detecting the illegal interest, and disallowing it. It is not to the form of the evidence of debt the law looks, but to the thing done; and the statute says the creditor shall recover interest at the rate of “ six per centum, per annum, and no more.” How, then, can it be said that the renewal of a note for the loan of money and the incorporation of illegal interest into such renewal will put the usury beyond inquiry or the reach of the statute ?
This statute embraces every form of indebtedness ; and the consideration, in every case, may be inquired into, and the illegal interest be disallowed; or, where it has been paid, may be treated as payment of the original debt, and be deducted therefrom, unless, in cases where *159 there has been a complete settlement and liquidation between the parties, and voluntary payment of interest.
A majority of the court are clearly of the opinion that the court below erred.
Judgment reversed.